UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOMMY D. LAY, II,

    Plaintiff,

v.                                      Case No.:    2:23-cv-584-JLB-KCD

STORM SMART BUILDING
SYSTEMS, INC., THE SMART
COMPANIES INC., STORM
SMART INDUSTRIES INC., and
STORM SMART INC.,

    Defendants.
_____/

## ORDER

On December 5, 2023, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint for a Civil Case with Prejudice ("Motion to Dismiss"). (Doc. 17). Plaintiff's Response to Defendant(s) Motion to Dismiss Plaintiff's First Amended Complaint for a Civil Case with Prejudice ("Plaintiff's Response") was filed on December 27, 2023. (Doc. 25). As set forth herein, the Court finds that Defendant's Motion to Dismiss (Doc. 17) is **GRANTED.**

1

## BACKGROUND[1]

Plaintiff's claims stem from an injury sustained on October 5, 2019, while working as a storm panel installer for Defendants. (Doc. 14 at ¶¶ 6, 7). Defendants subsequently refused to file a workers' compensation claim on behalf of Plaintiff (*id.* at ¶¶ 9, 20), forcing Plaintiff to use his own medical insurance to pay for his medical expenses (*id.* at ¶¶ 9, 17, 21). After the accident, Plaintiff incurred: a reduction in pay related to a change in work assignment (*id.* at ¶¶ 10, 11); demands by Defendants to pay a customer $2,000 in damages related to the accident (*id.* at ¶ 15); coercion from Defendants' employees to "quite [sic], or pay the money or be fired" (*id.* at ¶ 16); vandalization of his truck (*id.* at ¶ 17), verbal abuse (*id.*), pay "stripped away . . . on a weekly basis" (*id.*); demands that Plaintiff use his Native American health care for his work-related injuries (*id.*); a reduction in work (*id.* at ¶ 20); termination from employment (*id.* at ¶ 22); and ongoing post-termination harassment by Defendants "through family, doctors, and ex-coworkers, harassment from private investigators . . . ." (*id.*). Plaintiff "filed a complaint to the Equal Opportunity Commission" in November 2019 that "did not help at all."[2] (Doc. 14 at ¶ 18).

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court assumes the facts recited in the Amended Complaint (Doc. 14).

[2] The complaint allegedly filed in November 2019 is not the Charge of Discrimination No. 846-2023-08328 incorporated into the Amended Complaint. (Doc. 14 at ¶ 1). The record is devoid of the November 2019 EEOC complaint.

Plaintiff's two count complaint alleges (1) "Worker's Compensation Retaliation" and (2) "Violation of American Disability Act & Notice of Rights Under the ADA Amendments Act of 2008 (ADAA)." (Doc. 14 at 8–9). The first count, "Worker's Compensation Retaliation," alleges retaliation under the "ADA[3], Title II, Discrimination (GINA)[4], 29 C.F.R. § 1630.2(i), [and] violation of reporting a worker's compensation violation § 440.185, Florida Statutes" based on Defendants' retaliation when Plaintiff "attempt[ed] to make a claim under both work's [sic] compensation and/or ADA laws." (Doc. 14 at ¶ 26). Plaintiff alleges the retaliatory conduct included his eventual termination and continuing harassment post-termination. (*Id.*).

Plaintiff's second count, "Violation of American Disability Act & Notice of Rights Under the ADA Amendments Act of 2008 (ADAA)," (*id.* at 9) alleges a violation of both § 440.185, Florida Statutes and 29 C.F.R. § 1630.2(i) based on Defendants' "discharging, threatening to discharge, intimidating, or coercing any employee by reason of such employee's valid claim for compensation and/or ADA attempt to claim compensation or protection in ADA or under the Worker's Compensation laws." (*Id.* at ¶ 27). This count is essentially identical to the first count. (*Id.* at ¶¶ 27, 28).

---

[3] By citing to the ADA, Plaintiff is referencing the Americans with Disabilities Act of 1990.

[4] GINA refers to the Genetic Information Nondiscrimination Act of 2008.

Incorporated into the Amended Complaint, and relevant to Plaintiff's allegations, is Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination No. 846-2023-08328 (the "EEOC Charge"), filed on April 20, 2023[5]. (*Id.* at ¶ 1; Doc. 17-1). The EEOC Charge alleges a violation of the Americans with Disabilities Act of 1990 ("ADA") when Defendants harassed Plaintiff, because of his pursuit of filing a workers' compensation claim. (Doc. 17-1 at 3).

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the

---

[5] The Court notes that the EEOC Charge filed on April 20, 2023 was identified in the Amended Complaint but not attached. (Doc. 14 at ¶ 1). Defendants subsequently attached the EEOC Charge to the Motion to Dismiss (Doc. 17-1), and the Court duly considers it in its analysis. *Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1354–55 (S.D. Fla. 2022) (stating that a court can consider a document not attached to the complaint when the "plaintiff refers to the document in its complaint, the document is central to plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.").

allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation omitted). Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation omitted). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## DISCUSSION

Defendants argue in the Motion to Dismiss that dismissal is proper under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 17 at ¶ I). Specifically, Defendants argue that (1) Plaintiff's ADA and Genetic Information Nondiscrimination Act ("GINA") claims are time-barred (*id.* at ¶ II), (2) the GINA claim is beyond the scope of the EEOC Charge (*id.* at ¶ III), (3) Plaintiff failed to state a cause of action under both the Age Discrimination in Employment Act of 1967 ("ADEA") and the Equal Pay Act of 1963 ("EPA") (*id.* at ¶ IV), and (4) the Court lacks supplemental jurisdiction over the Florida Statute § 440.205 claim for workers' compensation retaliation (*id.* at ¶ V).

Plaintiff's Response argues (1) "a charge alleging a hostile work environment will not be time barred if all the acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period" (Doc. 25 at ¶ 4); (2) courts are not precluded from applying equitable doctrines such as tolling (*id.* at 31); (3) the EEOC Charge was timely filed because the discriminatory conduct

continued after his termination (*id.* at ¶¶ 4–6); (4) "workers, and doctors have repeatedly violated GINA . . . through the Indian heritage and . . . through doctors provided by defendant's . . . " making derogatory remarks about Plaintiff's genetic information and asking to test his DNA to "let the law tell us if you're a criminal" (*id.* at ¶ 8); (5) evidence of the discriminatory conduct related to the ADEA claim is "within the main evidence sent to the investigator for the EEOC, confirmed by electronic means, audio recordings of e-mails and phone calls left with the investigator" (*id.* at ¶ 9(a)); (6) the EPA claim is not time-barred because Plaintiff received his last payroll check in October 2023, and there is no requirement to file a charge with the EEOC (*id.* at ¶ 9(d)); and (7) supplemental jurisdiction is appropriate over the Florida workers' compensation claims (*id.* at ¶ 10).

The Court finds that (I) Plaintiff has failed to state a cause of action under the ADEA, EPA, and Title VII of the Civil Rights Act of 1964 ("Title VII"), (II) Plaintiff has failed to exhaust his administrative remedies for the ADA, GINA, ADEA, and Title VII claims, and (III) no supplemental jurisdiction exists for the Florida Statute § 440.205 claim.

I. **Plaintiff Failed to State a Cause of Action Under the ADEA, EPA, and Title VII.**

One method to establish a prima facie case of an ADEA violation is for the plaintiff to "show[] that he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman v. AI*

6

*Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). To establish a prima facie claim under the EPA, a plaintiff must demonstrate "that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1532 (11th Cir. 1992) (internal quotation omitted); 29 U.S.C. § 206(d)(1). To assert a prima facie case under Title VII, a plaintiff must allege "(1) she belonged to a protected class, (2) she experienced an adverse employment action, (3) she was qualified to perform her job, and (4) her employer treated similarly situated employees outside her class better." *Buckley v. Sec'y of Army*, 97 F.4th 784, 794 (11th Cir. 2024).

Plaintiff has wholly failed to sufficiently plead claims establishing a prima facie case under either the ADEA, EPA, or Title VII. It is difficult for the Court to even analyze these claims for the Motion to Dismiss because Plaintiff only briefly cites to these statutes in Paragraph 1 of the Amended Complaint: "[i]ncluded is EEOC charge number- 946-2023-08328, (EPA)(Title VII)(ADA)(GINA)(ADEA)." (Doc. 14 at ¶ 1). The Amended Complaint lacks both factual allegations related to the ADEA, EPA, and Title VII and formal counts with claims under those statutes. (*See* Doc. 14). The only factual allegations relating to claims under the ADEA, EPA, and Title VII includes the contention that as a result of the department transfer after his accident "[p]ay was being stripped away from me on [a] weekly basis[]" (Doc. 14 at ¶¶ 11, 17) and that "[t]he visual attacks started toward me and my

7

Cherokee, Indian heritage, when they found out I was in fact American Indian and started demanding that I use their medical and leave theirs alone." (Doc. 14 at ¶ 17).

The Amended Complaint cannot now be amended through Plaintiff's Response by attempting to allege claims under the ADEA, EPA, and Title VII and inserting related factual allegations.  Plaintiff's Response argues: the evidence of the discriminatory conduct related to the ADEA claim is "within the main evidence sent to the investigator for the EEOC, confirmed by electronic means, audio recordings of e-mails and phone calls left with the investigator []" (Doc. 25 at ¶ 9(a))[6]; that his termination was partly based on his age: "Lay, made complain[t] and filed a report to Human Resources Manager pertaining to several acts that added to Lay's dismissal of his job, that [h]e was 45 years old[]" (*id.*); that the receipt of his last paycheck in October 2023 "allows Lay, to file his EPA claim within three years[]" (*id.* at 30–31); and that he was "not being paid equal pay to women doing the same job" and "not paid equal wages to men doing the same work." (*id.* at 30). A complaint cannot be amended by a response to a motion to dismiss. *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) (citing *Huls v. Llabona,* 437 F. App'x 830, 832 n.5 (11th Cir.2011) (holding that an argument was not properly raised when it was raised for the first time in a response to a motion to dismiss); *Equal Emp. Opportunity Comm'n v. Lab. Sols. of AL LLC*, 242 F. Supp. 3d 1267,

---

[6] Neither the Amended Complaint nor Plaintiff's Response specify the alleged discriminatory conduct.

8

1284 (N.D. Ala. 2017) (dismissing the claims when new facts were alleged in the plaintiff's response to the motion to dismiss that were not alleged in the complaint). The Amended Complaint fails to assert a violation of the ADEA, EPA, or Title VII, and new facts and arguments within Plaintiff's Response cannot be used to effectively amend the Amended Complaint to allege violations of these statutes.

Additionally, unlike EPA claims[7], the ADEA and Title VII both require the exhaustion of administrative remedies prior to filing suit, of which Plaintiff did not exhaust prior to filing his judicial complaint. *See infra* II.  Assuming Plaintiff raises the potential EPA violation in the future with supporting facts related to the claim and its accrual, the Court can then determine whether the claim was filed within the statutory period or whether it is time-barred.[8]  Therefore, the Court dismisses the EPA claim without prejudice and grants Plaintiff leave to file a second amended complaint.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  The ADEA and Title VII claims are dismissed

---

[7] Under the EPA, an exhaustion of administrative remedies is not a prerequisite to filing suit.  *Miranda*, 975 F.2d at 1527.

[8] The statute of limitations for a claim under the EPA is either two or three years, depending on whether the violation was willful.  29 U.S.C. § 255.  "Any claim based on a paycheck received within the statutory period is not time-barred."  *Shiver v. Career Consultants, Inc.*, 142 F. Supp. 3d 1191, 1196 (M.D. Ala. 2015).  "[I]t is not the date of the original decision which is relevant, but instead what is 'determinative for statute of limitations purposes is that . . . plaintiffs have [were paid or denied pay] during the statute of limitations window.'" *Id.* (quoting *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir.1994); *Mitchell v. Jefferson Cnty. Bd. of Educ.*, 936 F.2d 539, 548 (11th Cir. 1991) (finding Plaintiff's claim under the EPA was not time-barred when a wage payment was made within the statute of limitations).

9

with prejudice, as Plaintiff has failed to exhaust his administrative remedies and, as such, the claims are time-barred. *See infra* II.

## II. Plaintiff Has Failed to Exhaust His Administrative Remedies for the ADA, GINA, ADEA, and Title VII Claims.

The procedural requirements for ADA, ADEA, and GINA claims are the same as those under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000ff-6. Plaintiffs must exhaust all administrative remedies by filing a charge of discrimination with the EEOC, or appropriate state agency. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); *Anderson v. United Airlines, Inc.*, 577 F. Supp. 3d 1324, 1332 (M.D. Fla. 2021) (finding that Plaintiff did not exhaust all administrative remedies prior to filing his claims with the court when he failed to file his Title VII, ADA, and GINA claims with the EEOC).

It is the plaintiff's burden to prove that all conditions precedent to filing suit have been met, including timely filing of a charge of discrimination with the EEOC. *Maynard v. Pneumatic Prod. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (concluding that failure to timely file an EEOC charge bars an ADA suit). In Florida, a deferral state, claims are only actionable if the EEOC charge of discrimination is filed within 300 days of the discriminatory act. *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013). "A plaintiff's failure to timely file his or her charge renders the claims at issue time barred." *Drisin v. Fla. Int'l Univ. Bd. of Trustees*, 2019 WL 289581, at *5 (S.D. Fla. Jan. 17, 2019); *Jennings v. KBRwyle Tech. Sols., LLC*, No. 3:20-CV-485-MMH-JBT, 2021 WL 5968328, at *3 (M.D. Fla.

Nov. 29, 2021), *report and recommendation adopted*, No. 3:20-CV-485-MMH-JBT, 2021 WL 5961292 (M.D. Fla. Dec. 16, 2021) (dismissing Title VII and ADEA claims with prejudice when the EEOC charge was filed more than 300 days after any plausible adverse employment action and, thus, the claims were time-barred).

Plaintiff's termination date was the effective end of any adverse employment actions. *Gaillard v. Shinseki*, 349 F. App'x 391, 392 (11th Cir. 2009) ("The record indicates that Gaillard's employment was terminated on March 29, 2004, and this was therefore the last possible date when the allegedly discriminatory action could have occurred."); *Stewart v. Jones Util. & Contracting Co. Inc.*, 806 F. App'x 738, 742 (11th Cir. 2020) (stating that a hostile work environment ends when an employee is terminated because there is "no longer a 'work' environment."). Therefore, since Plaintiff was terminated on April 27, 2020 (Doc. 14 at ¶ 24) and the EEOC Charge was not filed until April 20, 2023 (Doc. 17-1 at 2), his claims are not actionable because the EEOC Charge was filed more than 300 days after any adverse employment action.[9]

---

[9] The GINA, ADEA, and Title VII are also beyond the scope of the EEOC Charge. "A judicial complaint is limited by the scope of the EEOC investigation 'which can reasonably be expected to grow out of the charge of discrimination.'" *Penaloza*, 549 F. App'x at 848 (quoting *Mulhall v. Advance Sec.*, 19 F.3d 586, n. 8 (11th Cir. 1994)). Judicial claims are limited to those that "amplify, clarify or more clearly focus" the EEOC Charge's allegations; "allegations of new acts of discrimination are inappropriate." *Id.* (internal quotations omitted) (citing *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004)). The EEOC Charge of Discrimination only identifies discrimination based on "disability" and "retaliation" in "violation of the Americans with Disabilities Act of 1990, as amended." (Doc. 17-1 at 2, 3). Absent from the EEOC Charge are any factual allegations relating to GINA, the ADEA, or Title VII.

Plaintiff's Response argues that the requirement of filing a charge of discrimination with the EEOC prior to filing a judicial complaint is subject to equitable tolling. (Doc. 25 at 31). Since tolling is an "extraordinary remedy which should be extended only sparingly[,]" a plaintiff must "justify her untimely filing by a showing of extraordinary circumstances." *Boatwright v. Fla. Credit Union*, No. 22-12032, 2023 WL 3712289, at *1 (11th Cir. May 30, 2023). The delay in filing must be "beyond [the plaintiff's] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Plaintiff's Response sets out the law related to equitable tolling and estoppel but does not allege any facts to justify his untimely filing. (Doc. 25 at 31). Therefore, because Plaintiff has not provided the Court with any facts showing extraordinary circumstances to justify his untimely filing, equitable tolling is not an available remedy.

Accordingly, because the claims are time-barred and Plaintiff has not alleged facts to support equitable tolling as a remedy, the claims are dismissed with prejudice for Plaintiff's failure to exhaust his administrative remedies. Simply stated, Plaintiff neglected to timely file his EEOC charge in the first instance.

### III. No Supplemental Jurisdiction Exists for the Florida Statute § 440.205 Workers' Compensation Retaliation Claim.

Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution." The Eleventh Circuit "strongly encourages or even requires dismissal of the state claims" when the federal claims are dismissed. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Hall v. Xanadu Mktg., Inc.*, 682 F. Supp. 3d 1278, 1286 (N.D. Ga. 2023) (declining to exercise supplemental jurisdiction over state law claims, and dismissing without prejudice, when no other federal claims remained); *Jennings v. KBRwyle Tech. Sols., LLC*, No. 3:20-CV-485-MMH-JBT, 2021 WL 5968328, at *4 (M.D. Fla. Nov. 29, 2021), *report and recommendation adopted,* No. 3:20-CV-485-MMH-JBT, 2021 WL 5961292 (M.D. Fla. Dec. 16, 2021) (dismissing state law claims without prejudice when the dismissal of Title VII and ADEA claims left only state law claims).

Plaintiff alleges a cause of action under Florida Statute § 440.205[10] for Defendants' retaliation and subsequent termination after Plaintiff attempted to file a workers' compensation claim for injuries sustained in the workplace. (Doc. 14 at ¶¶ 8, 9, 20). The Court lacks original jurisdiction over this Florida state claim and requires supplemental jurisdiction for the claim to survive in federal court. 28 U.S.C. § 1367. Therefore, since the federal claims have been dismissed, Plaintiff's Fla. Stat. § 440.205 claim is dismissed without prejudice. *Stalley ex rel. U.S.*, 524

---

[10] Plaintiff cites a violation of Florida Statute § 440.185, which provides notice requirements and related penalties for violations. Florida Statute § 440.205 is the applicable statute which prohibits termination, threats of termination, or coercion by reason of an employee's claim under the Workers' Compensation Law. As such, the Court applies Florida Statute § 440.205, rather than § 440.185.

F.3d at 1232. ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

## CONCLUSION

A final note: This was a close case. Specifically, the Court strongly considered dismissing this entire amended complaint with prejudice given the procedural history of this case. The Court cautions Plaintiff that the Court is skeptical that proceeding forth with an amended complaint to attempt to sure up the EPA claim—the sole federal claim to survive dismissal here—after this Court's determination that the remainder of Plaintiff's federal claims are subject to dismissal may not be prudent. This Court has concerns that its exercise of supplemental jurisdiction over the remaining state law claim should any amended EPA claim be later subject to dismissal—may not be appropriate under the governing legal standards.[11]

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**.

2. The ADA, GINA, ADEA, and Title VII claims are **DISMISSED with prejudice for failure to exhaust administrative remedies, an affirmative defense timely raised by Defendants.**

3. The EPA claim is **DISMISSED without prejudice,** and Plaintiff shall have leave to file a second amended complaint for this claim. Should Plaintiff do

---

[11] That said, nothing in this order shall be construed by any future court that this Court has reached the merits of the Florida state law worker's compensation claim, which seems much better suited for filing in Florida state court.

14

       so, Plaintiff must file such within fourteen (14) days from the date of this Order.

4. The state law worker's compensation claim is **DISMISSED without prejudice** and, should the Plaintiff file a second amended complaint re-raising the EPA claim, Plaintiff may re-raise that Florida state worker's compensation claim raised in his amended complaint. For the reasons set forth by U.S. Magistrate Judge Dudek (Doc. 49) **and with which this Court fully agrees, no additional claims may be raised in any second amended complaint.**

5. Failure to file an amended complaint within the specified time period will result in the closure of this case without further notice.

       **ORDERED** in Fort Myers, Florida on July 19, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE